UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
CHRISTAL TAYLOR,

                              Plaintiff,                            Docket No.:

      -against-

                                                                  **COMPLAINT**

GIFTED NURSES, LLC and THE SCHULMAN AND
SCHACHNE INSTITUTE FOR NURSING AND              Jury Trial Demanded
REHABILITATION, INC.,

                              Defendants.
------------------------------------------------------------------------X

       Plaintiff, Christal Taylor, by and through her counsel, the Law Office of Peter A. Romero PLLC, complaining of the Defendants, Gifted Nurses, LLC and The Schulman and Schachne Institute for Nursing and Rehabilitation, Inc., alleges as follows:

## NATURE OF THE CLAIM

       1.     Plaintiff brings this action to recover damages for discrimination based on Plaintiff's disability, failure to accommodate her disability, and for retaliation for engaging in protected activity under the New York State Human Rights Law, New York Executive Law § 290 *et seq.* ("NYSHRL") and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-101 *et seq.* ("NYCHRL"), and any other claim(s) that can be inferred from the facts set forth herein.

## JURISDICTION AND VENUE

       2.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship between Plaintiff and Defendants and the amount in controversy exceeds $75,000.00.

1

3. Venue is proper in this United States District Court pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions giving rise to the claims occurred within the Eastern District of New York.

4. Plaintiff is filing a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging discrimination based on her disability, failure to accommodate her disability, and retaliation in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.*, as amended by the ADA Amendments Act (collectively as the "ADA") based on the same or similar facts asserted in this Complaint. Plaintiff intends amend this action to add her ADA claims once the EEOC issues its Notice of Right to Sue.

## THE PARTIES

5. Plaintiff Christal Taylor ("Plaintiff" or "Taylor") is a resident and citizen of the County of Ward, State of Texas. Plaintiff owns and maintains a home in Ward County, Texas which she has owned since on or about March 2005 and has maintained this home as her permanent residence and place of citizenship since that time.

6. At all times relevant, Plaintiff Taylor was a person and employee, and a qualified individual with a disability, within the meaning of the NYSHRL and NYCHRL.

7. At all times relevant, Defendant Gifted Nurses, LLC ("Gifted Nurses") is and was a foreign limited liability company that was formed in Louisiana and maintains its principal place of business at 3330 West Esplanade Avenue S, Suite 505, Metairie, Louisiana 70002. At all times relevant, Defendant Gifted Nurses conducted business within the State of New York and New York City.

8. At all times relevant herein, Defendant Gifted Nurses employed more than fifteen employees.

9. At all times relevant, Defendant Gifted Nurses is and was an "employer" within the meaning of the NYSHRL and NYCHRL.

10. At all times relevant, Defendant The Schulman and Schachne Institute for Nursing and Rehabilitation, Inc. ("Schulman Institute") is and was a domestic not-for-profit corporation with its principal place of business located at 555 Rockaway Parkway, Brooklyn, New York 11212. At all times relevant, Defendant Schulman Institute conducted business at multiple facilities within the County of Kings, State of New York.

11. At all times relevant herein, Defendant Schulman Institute employed more than fifteen employees.

12. At all times relevant, Defendant Schulman Institute is and was an "employer" within the meaning of the NYSHRL and NYCHRL.

13. Beginning on or about December 20, 2020 until in or about July 2022, Defendant Gifted Nurses employed Plaintiff. Beginning on or about December 20, 2020 until on or about July 2022, Defendant Gifted Nurses assigned Plaintiff to provide her services for Defendant Schulman Institute until her employment ended. Throughout her employment, and during her assignment with Defendant Schulman Institute, Defendant Gifted Nurses supervised Plaintiff's employment, addressed any concerns regarding the terms and conditions of her employment and her assignment, assessed her need for a reasonable accommodation, maintained her employment records, and paid Plaintiff for her services to both Defendants Gifted Nurses and the Schulman Institute. Throughout her employment, and during her assignment with Defendant Schulman Institute, Defendant Gifted Nurses communicated with Plaintiff at least on a weekly basis to monitor her employment and address any concerns with her assignment.

3

14. Throughout her employment with Defendant Schulman Institute, jointly with Defendant Gifted Nurses, employed Plaintiff. Throughout her employment with Defendant Schulman Institute, jointly with Defendant Gifted Nurses, supervised Plaintiff's employment, monitored her daily work assignments, addressed and resolved any concerns regarding the terms and conditions of her employment and her assignment, assessed her need for a reasonable accommodation, had authority to terminate her employment, and maintained her personnel records.

15. By performing her work assignments, Plaintiff was performing services for both Defendants as the services were mutually provided to both corporations at all times and for the mutual benefit and interest of both corporations simultaneously.

**FACTS**

16. Defendant Gifted Nurses is an entity that employs nurses across the United States. Defendant Gifted Nurses specializes in placing its nurses in medical facilities, rehabilitation and assisted living centers across the United States, including in New York, to work in facilities in need of additional nursing staff.

17. The Schulman Institute operates a medical facility, rehabilitation and assisted living center consisting of multiple buildings located in Brooklyn, New York.

18. Throughout her employment, Plaintiff worked as a licensed practical nurse.

19. From in or about May 2020 until July 2020, while working with another nursing company, Plaintiff began working for the Schulman Institute as an assigned nurse.

20. In or about December 2020, Plaintiff commenced her employment with Defendant Gifted Nurses – which was then operating as Therapia Staffing – as a nurse.

21. In or about June 2022, Therapia Staffing began operating as Gifted Nurses. Plaintiff's terms of employment remained identical after this change to Gifted Nurses.

22. In or about December 2020, because of Plaintiff's prior exemplary performance, Defendant Schulman Institute accepted joint employment of Plaintiff and she commenced her employment as a nurse at Defendant Schulman Institute's facilities in Brooklyn, New York.

23. Beginning in or about December 2020, Defendant Schulman Institute repeatedly entered into extended employment agreements to continue to jointly employ Plaintiff in its facilities.

24. Throughout her employment with Defendants, Plaintiff performed her duties in an exemplary manner, was not subject to any discipline, was qualified for her position, and remains capable of performing the duties of her position with or without an accommodation.

25. From in or about December 2020 until in or about March 2022, Plaintiff was assigned to perform swabbing for Covid-19 testing for the Defendant Schulman Institute. These duties did not require Plaintiff to engage in any lifting.

26. From in or about March 2022 until late April or early May 2022, Plaintiff returned to her permanent residence in Ward County, Texas to be close to a sick family member.

27. In or about late April or early May 2022, Plaintiff returned to New York to continue working for Defendants at the Schulman Institute's facilities in Brooklyn, New York. Upon her return, Plaintiff began performing wound care for Defendant Schulman Institute's patients. These duties did not require Plaintiff to engage in any lifting.

28. On or about June 14, 2022, after undergoing a variety of medical testing, Plaintiff was diagnosed with pulmonary fibrosis, a medical condition constituting a disability under the NYSHRL and NYCHRL. Pulmonary fibrosis is a lung disease that occurs when lung tissue

5

becomes damaged and scarred, causing a person's lung to suffer from thickened, stiff tissues. This condition makes it more difficult for a person's lungs to work properly and causes the person to suffer from progressively worsening shortness of breath.

29. Later that same day, on or about June 14, 2022, Plaintiff informed Defendant Schulman Institute about her disability and her need to utilize an oxygen tank to treat her condition. Plaintiff requested a reasonable accommodation to be permitted use her oxygen tank medical device and to charge the battery for her oxygen tank apparatus every three to four hours.

30. In or about this same time, Plaintiff also informed Defendant Gifted Nursing about her disability, her need for an accommodation to utilize an oxygen tank to treat her condition and her need for an accommodation to periodically recharge her oxygen tank medical device.

31. Plaintiff's request for an accommodation permitting her to charge the battery for her oxygen tank apparatus every three to four hours was only a temporary accommodation. Plaintiff expected to receive additional batteries in the upcoming months that would permit her to change the batteries on her device without interruption and alleviating her need to charge her device while at work.

32. After being informed regarding her disability and need for an accommodation on or around June 14, 2022, Defendant Gifted Nursing requested that Plaintiff provide a medical note in support of her request. However, Defendant Schulman Institute indicated that a medical note was not required to consider her request.

33. Despite Defendant Schulman Institute not requiring a medical note, Defendant Gifted Nurses continued demanding that she provide a medical note regarding her medical diagnosis and establish her need for her requested reasonable accommodation, and threatened that Plaintiff could not continue working for Defendants unless she provided this medical note.

34. Beginning on or about June 14, 2022, Plaintiff began using an oxygen tank. Plaintiff's use of this oxygen tank did not interfere with Plaintiff's ability to perform her duties.

35. On or about June 15, 2022, Defendants Schulman Institute transferred Plaintiff from its hospital facility to its assisted living facility on the same street. As a result of this transfer, Plaintiff began reporting to a new supervisor for Defendant Schulman Institute.

36. Beginning on or about June 15, 2022, Defendants changed Plaintiff's duties and she became responsible for providing Defendant Schulman Institute's assisted living care residents with their prescription medication. Plaintiff also performed desk duty during a portion of her workdays, which required Plaintiff to, among other tasks, make phone calls to order mediation and arrange for medical appointments for residents. These duties did not require Plaintiff to engage in any lifting.

37. On or about June 15, 2022, Plaintiff informed Defendant Schulman Institute's Administrator about her disability and her need to utilize an oxygen tank to treat her condition. Plaintiff again requested that she be granted a reasonable accommodation to be permitted use her oxygen tank at work and to charge the battery for her oxygen tank apparatus every three to four hours.

38. Soon after her transfer on or about June 15, 2022 through her termination, Defendant Schulman Institute's Administrator repeatedly displayed her discriminatory animus against Plaintiff by expressing frustration with Plaintiff regarding her medical condition, her need for a medical accommodation, and her use of an oxygen tank medical device.

39. By way of an example, on or about July 8, 2022, Defendant Schulman Institute's Administrator became angry at Plaintiff because of her use of an oxygen tank medical device and her need to periodically charge the device's battery. Defendant Schulman Institute's Administrator

7

refused to permit Plaintiff to recharge her oxygen tank medical device's battery. As part of this conversation, the Administrator callously demanded "what's more important: patient care or oxygen?" In response, Plaintiff explained that she cannot breathe without her oxygen tank due to her disability and that she "cannot do patient care if [she] cannot breathe." The Administrator then demanded that "something needs to change", by which she was referring to her demand that Plaintiff not continue to avail herself of her need to charge her oxygen tank, and complained that she felt like a "babysitter, not an administrator."

40. Shortly after this incident, on or about July 8, 2022, Plaintiff reported and complained about Defendant Schulman Institute's Administrator's discriminatory conduct to Defendants.

41. Beginning on or about July 8, 2022, Defendants changed Plaintiff's duties and she became responsible solely for performing desk duty, which required Plaintiff to, among other tasks, make phone calls to order mediation and arrange for medical appointments for residents. These duties did not require Plaintiff to engage in any lifting.

42. On or around July 15, 2022, Defendants Gifted Nurses and the Schulman Institute demanded that Plaintiff provide a medical note regarding her medical condition and her need for an accommodation to use her oxygen tank medical device and to charge the battery for her device. Defendants indicated that Plaintiff could not return to work until she received this medical note.

43. On or around July 18, 2022, at Defendants Gifted Nurses' request, Plaintiff provided Defendants with a medical note substantiating her medical diagnosis, confirming her ability to work with her medical condition, and establishing her need for her requested reasonable accommodation. This note also indicated that Plaintiff could not perform any heavy lifting.

44. Later that same day, on or about July 18, 2022, Defendant Schulman Institute informed Plaintiff that it could not accommodate her physician's work restriction that she should not engage in any heavy lifting, that Schulman Institute will not make any accommodation for its employees, and that her employment with the Schulman Institute was terminated immediately.

45. Contrary to Defendant Schulman Institute's false premise, Plaintiff's duties with Defendant Schulman Institute did not and had never required her to engage in heavy lifting and, as such, this portion of her physician's medical note did not prohibit her from performing any of her duties.

46. That same day, on or about July 18, 2022, Plaintiff informed Defendant Schulman Institute's manager that she intended to take legal action against the Schulman Institute for its discrimination against Plaintiff due to her disability if her unlawful termination was not remedied. Defendant Schulman Institute did not rescind its termination of Plaintiff.

47. Immediately after her termination, on or about July 18, 2022, Plaintiff informed Defendant Gifted Nursing regarding Defendant Schulman's Institute's termination of her employment. Plaintiff further complained that her termination was based on a false premise as her position did not require any lifting.

48. Although Defendant Gifted Nursing agreed that her position with Defendant Schulman Institute did not require any lifting, Defendants Gifted Nursing and the Schulman Institute refused to reinstate her.

49. That same day, on or about July 18, 2022, Plaintiff also requested that Defendant Gifted Nurses provide her with another job assignment with a different facility. Nurses employed by Defendant Gifted Nurses ordinarily are appointed to any assigned position that they apply for with its clients as a matter of course. Plaintiff indicated that she was willing to accept positions

9

nationwide. However, Defendant Gifted Nurses did not promptly provide Plaintiff with any opportunities for other job assignments.

50. On or about July 22, 2022, Plaintiff threatened to take legal action against both Defendants Gifted Nurses and the Schulman Institute for their discrimination against Plaintiff due to her disability. Plaintiff further complained regarding Defendant Gifted Nurses' discriminatory refusal to provide Plaintiff with any other positions.

51. Later that same day, on or about July 22, 2022, merely as an apparent distraction from their unlawful conduct, Defendant Gifted Nurses provided Plaintiff with information regarding a single job opportunity in Wisconsin. Plaintiff promptly applied for this position but was not accepted for this position, resulting in her termination.

52. Despite specializing in the placement of nurses in facilities nationwide and always having numerous available job opportunities, Defendant Gifted Nurses has not assigned Plaintiff to any further employment opportunities.

53. As a result, Defendant Gifted Nurses terminated Plaintiff's employment in or about late July 2022.

54. Based on the foregoing, Defendant discriminated against Plaintiff based on her disability and refused to reasonably accommodate her disability in violation of the NYSHRL and NYCHRL.

55. Based on the foregoing, Defendant retaliated against Plaintiff for engaging in protected activity, in violation of the NYSHRL and NYCHRL.

56. As a result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer damages for monetary and/or economic harm, loss of past and future income and

employment-related benefits, out of pocket costs, emotional pain and suffering, mental anguish, embarrassment and humiliation, as well as attorney's fees, costs and interest as permitted by law.

**FIRST CLAIM FOR RELIEF**
**(DISCRIMINATION – NYSHRL)**

57. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

58. Based on the foregoing, Defendants discriminated against Plaintiff in the terms and conditions of his employment because of Plaintiff's disability and/or perceived disability, in violation of the NYSHRL.

59. As a proximate result of Defendants' discrimination, Plaintiff has suffered and continues to suffer loss of past and future earnings and employment-related benefits, out of pocket costs, harm to her professional reputation, mental anguish, embarrassment, humiliation, and other incidental and consequential damages, attorneys' fees, costs and interest as permitted by law.

60. Defendants discriminated against Plaintiff by engaging in willful, wanton, and/or reckless conduct and/or in conscious disregard of Plaintiff's rights and Plaintiff is therefore entitled to an award of punitive damages as against Defendants under the NYSHRL.

**SECOND CLAIM FOR RELIEF**
**(FAILURE TO ACCOMMODATE – NYSHRL)**

61. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

62. Based on the foregoing, Plaintiff suffered from a physical or medical impairment which prevents the exercise of a normal bodily function or is demonstrable by medically accepted clinical or laboratory techniques, or has a record of such an impairment, constituting a disability under the NYSHRL.

11

63. Defendants were aware of Plaintiff's disability and need for a reasonable accommodation.

64. Defendants failed to permit a reasonable accommodation for Plaintiff's disability and failed to engage in the interactive process regarding Plaintiff's request for accommodation to ascertain whether Defendants could provide Plaintiff with a reasonable accommodation.

65. Based on the foregoing, Defendants discriminated against Plaintiff in the terms and conditions of her employment because of Plaintiff's disability, in violation of the NYSHRL.

66. As a proximate result of Defendants' discrimination, Plaintiff has suffered and continues to suffer loss of past and future earnings and employment-related benefits, out of pocket costs, harm to her professional reputation, mental anguish, embarrassment, humiliation, and other incidental and consequential damages, attorneys' fees, costs and interest as permitted by law.

67. Defendants discriminated against Plaintiff by engaging in willful, wanton, and/or reckless conduct and/or in conscious disregard of Plaintiff's rights and Plaintiff is therefore entitled to an award of punitive damages as against Defendants under the NYSHRL.

### **THIRD CLAIM FOR RELIEF**
### **(RETALIATION – NYSHRL)**

68. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

69. Based on the foregoing, Defendants retaliated against Plaintiff because she engaged in protected activity, in violation of the NYSHRL.

70. As a proximate result of Defendants' retaliation, Plaintiff has suffered and continues to suffer loss of past and future earnings and employment-related benefits, out of pocket costs, harm to her professional reputation, mental anguish, embarrassment, humiliation, and other incidental and consequential damages, attorneys' fees, costs and interest as permitted by law.

71. Defendants retaliated against Plaintiff by engaging in willful, wanton, and/or reckless conduct and/or in conscious disregard of Plaintiff's rights and Plaintiff is therefore entitled to an award of punitive damages as against Defendants under the NYSHRL.

## FOURTH CLAIM FOR RELIEF
## (DISCRIMINATION – NYCHRL)

72. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

73. Based on the foregoing, Defendants discriminated against Plaintiff in the terms and conditions of her employment because of Plaintiff's disability and/or perceived disability, in violation of the NYCHRL.

74. As a proximate result of Defendants' discrimination, Plaintiff has suffered and continues to suffer loss of past and future earnings and employment-related benefits, out of pocket costs, harm to her professional reputation, mental anguish, embarrassment, humiliation, and other incidental and consequential damages, attorneys' fees, costs and interest as permitted by law.

75. Defendants discriminated against Plaintiff by engaging in willful, wanton, and/or reckless conduct and/or in conscious disregard of Plaintiff's rights and Plaintiff is therefore entitled to an award of punitive damages as against Defendants under the NYCHRL.

## FIFTH CLAIM FOR RELIEF
## (FAILURE TO ACCOMMODATE – NYCHRL)

76. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

77. Based on the foregoing, Plaintiff suffered from a physical or medical impairment, or has a history or record of such an impairment, constituting a disability under the NYCHRL.

78. Defendants were aware of Plaintiff's disability and need for a reasonable accommodation.

79. Defendants failed to permit a reasonable accommodation for Plaintiff's disability and failed to engage in the interactive process regarding Plaintiff's request for accommodation to ascertain whether Defendants could provide Plaintiff with a reasonable accommodation.

80. Based on the foregoing, Defendants discriminated against Plaintiff in the terms and conditions of her employment because of Plaintiff's disability, in violation of the NYCHRL.

81. As a proximate result of Defendants' discrimination, Plaintiff has suffered and continues to suffer loss of past and future earnings and employment-related benefits, out of pocket costs, harm to her professional reputation, mental anguish, embarrassment, humiliation, and other incidental and consequential damages, attorneys' fees, costs and interest as permitted by law.

82. Defendants discriminated against Plaintiff by engaging in willful, wanton, and/or reckless conduct and/or in conscious disregard of Plaintiff's rights and Plaintiff is therefore entitled to an award of punitive damages as against Defendants under the NYCHRL.

**SIXTH CLAIM FOR RELIEF**
**(RETALIATION – NYCHRL)**

83. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

84. Based on the foregoing, Defendants retaliated against Plaintiff because she engaged in protected activity, in violation of the NYCHRL.

85. As a proximate result of Defendants' retaliation, Plaintiff has suffered and continues to suffer loss of past and future earnings and employment-related benefits, out of pocket costs, harm to her professional reputation, mental anguish, embarrassment, humiliation, and other incidental and consequential damages, attorneys' fees, costs and interest as permitted by law.

86. Defendants retaliated against Plaintiff by engaging in willful, wanton, and/or reckless conduct and/or in conscious disregard of Plaintiff's rights and Plaintiff is therefore entitled to an award of punitive damages as against Defendants under the NYCHRL.

## DEMAND FOR JURY TRIAL

87. Plaintiff demands a trial by jury on all claims in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the following relief:

i. Issuing an order restraining Defendant from any retaliation against Plaintiff for participation in any form in this litigation;

ii. Issuing a declaratory judgment that the practices complained of in this Complaint are unlawful under the NYSHRL and NYCHRL;

iii. Awarding damages for, *inter alia*, compensatory damages for back pay, front pay, all benefits which Plaintiff would have been entitled to receive but for Defendants' unlawful conduct, out of pocket costs, damages for emotional distress, pain and suffering, and other incidental and consequential damages;

iv. Awarding punitive damages as permitted by law;

v. Awarding pre- and post-judgment interest as permitted by law;

vi. Awarding all attorneys' fees incurred in prosecuting these claims;

vii. Awarding all costs incurred in prosecuting these claims; and

viii. Granting such other and further relief as this Court deems just and proper.

Dated: Hauppauge, New York
November 30, 2022

                                    LAW OFFICE OF PETER A. ROMERO PLLC
                                    *Attorneys for Plaintiff*
                                    490 Wheeler Road, Suite 250
                                    Hauppauge, New York 11788
                                    Tel.: (631) 257-5588

By: _____
                                    DAVID D. BARNHORN, ESQ.
                                    PETER A. ROMERO, ESQ.